FOREST P. NEAL, APPELLANT, V. UNION TRANSFER COMPANY, APPELLEE.

FILED JUNE 22, 1934. No. 28937.

*H. T. White, Patrick & Smith* and *Kennedy, Holland & DeLacy,* for appellant.

*Abbott, Dunlap & Corbett* and *Wear, Garrotto & Boland, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY and PAINE, JJ., and REDICK, District Judge.

ROSE, J.

This is an action to recover $26,000 in damages for alleged negligence resulting in personal injuries to plaintiff. In Omaha, October 21, 1931, about 5 o'clock p. m. the right rear wheel of an automobile truck owned by defendant ran over plaintiff's right foot. The action was brought to recover resulting damages. Jackson street in Omaha runs east and west and Tenth street runs north and south. The two streets cross each other at right angles. Plaintiff walked south on the sidewalk on the west side of Tenth street and stepped into Jackson street

and the truck came south on Tenth street and turned west into Jackson street. The collision occurred after the truck turned west. Plaintiff pleaded care and prudence on his part for his own safety and charged defendant with negligence as follows:

"That said trailer and truck were negligently and carelessly operated by said defendant company and its agent and employee, in that it was operated without a proper lookout for the safety of persons crossing said street and that no warning was given of its approach or of its intention to turn, and it was further carelessly and negligently operated in that it was turned so shortly that the said trailer swung over out of the path of the main truck and ran into, against and over the plaintiff, who had retired from the path of the main truck as soon as he saw it but had not time to retire from the path of the trailer operated carelessly and negligently as aforesaid."

The answer to the petition contains a general denial and a plea that the proximate cause of the injuries to plaintiff was his own negligence.

Upon a trial of the issues the jury rendered a verdict in favor of defendant. The action was dismissed and plaintiff appealed.

Rulings in admitting evidence in support of the defense and in instructing the jury are assailed by plaintiff as erroneous. It is insisted by defendant that a verdict in its favor should have been directed by the trial court for insufficiency of the evidence to prove any actionable negligence pleaded by plaintiff. If this position of defendant is tenable, the assigned errors of which plaintiff complains are immaterial.

The testimony of plaintiff and of his witness, Thomas Casey, proves the following facts: The truck was a large one, the front end of which was a tractor. There was no trailer following the truck. The sight of plaintiff's left eye was impaired. He could not see to the left without turning his head. Just before the accident he walked south on the sidewalk on the west side of Tenth street

toward Jackson street, intending to cross it. In the same direction, the truck, in Tenth street, going south also, came as far south as plaintiff, near the north curb line of Jackson street, and turned west therein. The tractor of the truck passed in front of plaintiff who had taken two or three steps into Jackson street from the sidewalk line and then stepped backward two or three steps and waited for the truck to pass. Plaintiff heard and saw the truck coming; first saw it near the alley north of Jackson street; saw it again when it was 30 feet from Jackson street; later saw it in Tenth street when it was about even with him; saw it when it started to turn west into Jackson street; had his eye on it all the time. The truck turned slowly. The tractor end of the truck passed him safely. It looked as though he grabbed at the side of the truck to keep from falling. The right rear wheel of the truck described a shorter segment of a circle than the front wheel and caught his foot. He holloed and the truck stopped with the wheel on his foot and backed off. Plaintiff is bound by the evidence of these facts. The proof of them came from him and a witness called by him.

There was no plea that the truck was operated at an excessive speed and plaintiff's witness, Casey, proved the contrary. The allegations that the truck was operated without a proper lookout is not supported by the evidence. The failure of the driver of the truck to give warning of his approach or of his intention to turn west at Jackson street, if supported by sufficient testimony to sustain an affirmative finding, did not cause or contribute to the accident, since plaintiff himself testified that he saw the truck before it came to Jackson street, kept his eye on it, saw it when it commenced to turn west and stopped to let it pass. Plaintiff, therefore, had in advance all that warning signals could have given, if any were omitted. The evidence is insufficient to sustain a finding that the rear wheels of the truck turned more sharply toward plaintiff, out of the path of the tractor, than was indicated by the natural movement of the entire motor vehicle as plaintiff himself saw it when turning into Jackson street.

The truth of the record is that actionable negligence on the part of defendant was not shown. Plaintiff did not make a case and defendant did not make it for him. Since the evidence is insufficient to sustain a verdict in favor of plaintiff, assigned errors in admitting testimony in favor of defendant and in instructing the jury are immaterial on appeal.

AFFIRMED.